FILED by
ELECTRONIC

DEC. 03, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

# 09-20230-TP-SEITZ/O'SULLIVAN

| DOCKET NUMBER ( |
|---|
| 2:94-CR-000589-0 |
| DOCKET NUMBER ( |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Donald Holden | SOUTH CAROLINA | CHARLESTON |
| Miami, FL | NAME OF SENTENCING JUDGE | |
| | David C. Norton | |

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM 1/19/2007 | TO 3/24/2012 |
|---|---|---|

OFFENSE

Conspiracy to Possess with Intent to Distribute Cocaine, 21 U.S.C. §846,
and Conspiracy to Money Launder, 18 U.S.C. §1956(h)

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the SOUTHERN DISTRICT OF FLORIDA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_____
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

18 Sept 09
_____
Effective Date

_____
United States District Judge

(Form Revised in WP80 by D/SC - 9/97)

AO 245B (Rev. 6/94) Sheet 1 - Judgment in a Criminal Case — 2:94-cr-00589-DCN — Date Filed 02/04/97   Entry Number 620   Page 1 of 4

**FILED**

# United States District Court
## District of South Carolina

FEB 4 1997

ARRY W. PROPES, CLER~
CHARL~~~ ~C

UNITED STATES OF AMERICA

vs.

DONALD HOLDEN

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 2:94-589

Alvin Entin, Esquire
Defendant's Attorney

**ENTERED**
2/5/97

**THE DEFENDANT:**

■ pleaded guilty to count(s) 1 and 12 of superseding indictment
□ pleaded nolo contendere to count(s) _____
which was accepted by the court.
□ was found guilty on count(s) _____
after a plea of guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:846 | See copy of superseding indictment | 2/15/95 | 1 |
| 18:956(h) | See copy of superseding indictment | 3/93 | 12 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

□ The defendant has been found not guilty on count(s) _____
■ Count(s) 3-5, 13 and 14 of superseding indictment is/are dismissed on the motion of the United States.

It is ordered that the defendant shall pay to the United States Government a special assessment of $100.00 which shall be paid through defendant's participation in the Inmate Financial Responsibility Program.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: ▐▐▐▐▐▐
Defendant's Date of Birth:
Defendant's USM No.: 49233-004

Defendant's Residence Address:

Defendant's Mailing Address:

January 29, 1997
Date of Imposition of Judgment

Signature of Judicial Officer

David C. Norton, U. S. District Judge
Name and Title of Judicial Officer

February 4, 1997
Date





620

AO 245B (Rev. 2/95) Sheet 2 - Imprisonment   Date Filed 02/04/97   Entry Number 620   Page 2 of 4

DEFENDANT: DONALD HOLDEN
CASE NUMBER: 2:94-589

Judgment - Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 168 months as to Counts 1 and 2, concurrently.

■ The court makes the following recommendations to the Bureau of Prisons:
1. Defendant be allowed to serve his period of incarceration at FCI, Miami, Florida.
2. Defendant be allowed to participate in the Inmate Financial Responsibility Program for payment of $100.00 special assessment.

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
☐ at _ a.m./p.m. on .
☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☐ before 2 p.m. on _.
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
                                    UNITED STATES MARSHAL

                                    By _____
                                          Deputy United States Marshal

AO 245B (Rev. 2/94) Sheet 3 - Supervised Release     Date Filed 02/04/97     Entry Number 620     Page 3 of 4

DEFENDANT: DONALD HOLDEN
CASE NUMBER: 2:94-589

Judgment - Page 3 of 4

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Five (5) years.  This term consists of 5 years as to Count 1 and 3 years as to Count 12, such terms to run concurrently with one another.
The defendant shall also comply with the additional conditions: (1) the defendant shall pay any remaining special assessment fee within 60 days of his release from imprisonment; (2) the defendant shall participate in an inpatient/outpatient substance abuse treatment program, which shall include urinalysis testing, as deemed appropriate by the U. S. Probation Officer; (3) the defendant shall participate in mental health counseling as deemed appropriate by the U. S. Probation Officer; and (4) the defendant shall participate in an adult education program designed to provide him with a GED or high school diploma.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

■ The defendant shall not possess a firearm as defined in 18 U.S.C. §921.  (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 3/95) Judgment in a Criminal Case - Statement of Reasons    Date Filed 02/04/97    Entry Number 620    Page 4 of 4

DEFENDANT:  DONALD HOLDEN
CASE NUMBER:  2:94-589

Judgment - Page 4 of 4

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

■ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary): As amended regarding the date defendant became involved in the offense.

**Guideline Range Determined by the Court:**

Total Offense Level:  29

Criminal History Category:  V

Imprisonment Range:  140  to  175  months

Supervised Release Range:  _ to 5  years

Fine Range:  $ 17,500  to $ 4,500,000

  ■ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  $ N/A

  ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. §3663(d).

  ☐ For offenses committed on or after Sept. 14, 1994 but before April 23, 1996, that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

  ☐ Partial restitution is ordered for the following reason(s):

  ☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

**OR**

■ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): Because of defendant's criminal history.

**OR**

☐ The sentence departs from the guideline range:

  ☐ upon motion of the government, as a result of defendant's substantial assistance.

  ☐ for the following specific reason(s):

CLOSED

# U.S. District Court
## District of South Carolina (Charleston)
## CRIMINAL DOCKET FOR CASE #: 2:94-cr-00589-DCN-19
### Internal Use Only

Case title: USA v. Parker, et al

Date Filed: 07/12/1994
Date Terminated: 01/29/1997

---

Assigned to: Chief Judge David C Norton

Appeals court case number:
97-4126/JeanStJohn

### Defendant (19)

**Donald Holden**
*TERMINATED: 01/29/1997*
*also known as*
8-Ball



represented by **Donald Jay Budman**
Solomon Budman Stricker and Schwartz
PO Box 30280
Charleston, SC 29417-0280
843-763-1118
Fax: 843-763-7518
Email: dbudman@southcarolinalaw.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Richard F Della Fera**
200 East Broward Blvd
Suite 1210
Fort Lauderdale, Fl 33301
(305)761-7201
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

### Pending Counts

21:846 CONTROLLED
SUB-SELL,DISTRIBUTE,OR DISPEN -
did conspire to possess with intent to
distribute various controlled substances, to
wit: heroin, a Schedule I controlled
substance; cocaine base (crack), a
Schedule II controlled substance; cocaine a
Schedule II controlled substance; and
marijuana, a Schedule I controlled
substance, in violation of 21:841(a)(1)

### Disposition

Defendant committed to custody Bureau of
Prisons for 168 months as to Counts 1 and
12, concurrently with the
recommendations: (1) defendant be
allowed to serve his period of incarceration
at FCI, Miami, Florida; and (2) defendant
be allowed to partic ipate in the Inmate
Financial Responsibility Program for
payment of $100.00 special assessment.
Upon release from imprisonment,

(1)

defendant shall be placed on supervised release for 5 years as to Count 1 and 3 years as to Count 12, such terms to r un concurrmetly. The defendant shall comply with the following special conditions: (1) defendant shall pay any remaining special assessment within 60 days of his release from imprisonment; (2) defendant shall participate in an inpatient/outpatient su bstance abuse treatment program, which shall include urinalysis testing as deemed appropriate by the U. S. Probation Officer; (3) defendant shall participate in mental health counseling as deemed appropriate by U. S. Probation Officer; and (4) defend ant shall participate in an adult education program designed to provide him with a GED or high school diploma. Defendant to pay $100.00 special assessment.

Defendant committed to custody Bureau of Prisons for 168 months as to Counts 1 and 12, concurrently with the recommendations: (1) defendant be allowed to serve his period of incarceration at FCI, Miami, Florida; and (2) defendant be allowed to partic ipate in the Inmate Financial Responsibility Program for payment of $100.00 special assessment. Upon release from imprisonment, defendant shall be placed on supervised release for 5 years as to Count 1 and 3 years as to Count 12, such terms to r un concurrmetly. The defendant shall comply with the following special conditions: (1) defendant shall pay any remaining special assessment within 60 days of his release from imprisonment; (2) defendant shall participate in an inpatient/outpatient su bstance abuse treatment program, which shall include urinalysis testing as deemed appropriate by the U. S. Probation Officer; (3) defendant shall participate in mental health counseling as deemed appropriate by U. S. Probation Officer; and (4) defend ant shall participate in an adult education program designed to provide him with a GED or high school diploma. Defendant to pay $100.00 special assessment.

18:1956 MONETARY LAUNDERING -
did conspire to conduct or attempt to
conduct financial transactions affecting
interstate commerce which involved the
proceeds of some form of unlawful activity
in violation of 18:1956(a)(1)(A)(i), (a)(1)
(B)(i)
(12)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**

21:841(a)(1) NARCOTICS-POSSESSION -
did possess with intent to distribute a
quantity of cocaine, a Schedule II
controlled substance and 18:2 - Aid and          Dismissed on government's motion
Abet
(3-5)

18:1956(a)(1)(A)(i), (a)(1)(B)(i)
MONETARY LAUNDERING - did
conduct and attempt to conduct financial
transactions affecting interstate commerce       Dismissed on government's motion
which involved the proceeds of specified
unlawful activity and 18:2 - Aid and Abet
(13)

18:1957(a) INTERSTATE COMMERCE -
did engage and attempt to engage in
monetary transactions in criminally derived
property of a value greater than $10,000,        Dismissed on government's motion
being derived from unspecified unlawful
activity and 18:2 - Aid and Abet
(14)

**Highest Offense Level (Terminated)**
Felony

**Complaints**                                           **Disposition**
None

---

**Plaintiff**
USA                            represented by **Peter T Phillips**
                                               US Attorneys Office (Chas)
                                               PO Box 978
                                               Charleston, SC 29402
                                               843-266-1669
                                               Email: peter.t.phillips@usdoj.gov
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Robert H Bickerton**
                                               US Attorneys Office
                                               PO Box 978
                                               Charleston, SC 29402
                                               843-727-4381
                                               Fax: 843-727-4443

*TERMINATED: 09/30/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/22/1994 | | Added Government Attorney Robert H. Bickerton (dpat) (Entered: 07/22/1994) |
| 07/28/1994 | | CASE assigned to Judge David C. Norton (former empl) (Entered: 08/04/1994) |
| 12/12/1994 | 344 | STIPULATION by USA and attorney for defendant Solomon Dukes, Jr. as to the substance tested by Dorothy A. Roman, a forensic chemist, determined to be "crack cocaine". (pchi) (Entered: 12/13/1994) |
| 12/13/1994 | 345 | STIPULATION by USA as to Glen Anthony Brown and none of the attorneys representing the parties in this case were aware that a forfeiture action had been filed against the Mitsubishi truck or the status of that case. (pchi) (Entered: 12/13/1994) |
| 12/13/1994 | 346 | STIPULATION by USA that none of the attorneys representing the parties in this case were aware that a forfeiture action had been filed against the $1,401.00 in currency or the status of that case. (pchi) (Entered: 12/13/1994) |
| 01/13/1995 | | (Court only) **Remove appeal flag - no further appeals pending (former empl) (Entered: 01/13/1995) |
| 02/15/1995 | 374 | SUPERSEDING INDICTMENT as to Leonard . Moultrie (5) count(s) 1s, 2s-5s, 8s-9s, 11s, 12s, 13s, 14s , Donald Holden (19) count(s) 1, 3-5, 12, 13, 14 , Troy B. Jackson (10) count(s) 1s, 3s-7s, 12s, 13s, 14s , Dexter M. Keys (11) count(s) 1s, 10s , Raymond Thorne (20) count(s) 1, 3-5, 8, 11 (dpat) (Entered: 02/22/1995) |
| 05/19/1995 | 475 | TRANSCRIPT OF JURY TRIAL (Testimony of William Anthony Green only) for dates of 12/12/94 before Judge David C. Norton (jdod) (Entered: 05/24/1995) |
| 05/19/1995 | 476 | TRANSCRIPT OF JURY TRIAL (Testimony of Otis Gordon only) for dates of 12/12/94 before Judge David C. Norton (jdod) (Entered: 05/24/1995) |
| 05/19/1995 | 477 | TRANSCRIPT OF JURY TRIAL (Testimony of Karod Nix Only) for dates of 12/12/94 before Judge David C. Norton (jdod) (Entered: 05/24/1995) |
| 05/19/1995 | 478 | TRANSCRIPT OF JURY TRIAL (Testimony of Mark Deveaux and Michael Deveaux Only) for dates of 12/7/94 before Judge David C. Norton (jdod) (Entered: 05/24/1995) |
| 05/19/1995 | 479 | TRANSCRIPT OF JURY TRIAL (Testimony of Marvin Lowery Only) for dates of 12/13/94 before Judge David C. Norton (jdod) (Entered: 05/24/1995) |
| 11/30/1995 | | ARREST of Donald Holden in Southern District of Florida (former empl) (Entered: 05/30/1996) |
| 12/27/1995 | 550 | ARREST WARRANT Returned Executed as to Donald Holden on 11/30/95 (dpat) (Entered: 12/28/1995) |
| 02/26/1996 | 563 | Certificate that the Record on Appeal is Complete for [537-1] appeal by Anthony Corey Alexander; forwarded to 4CCA with certified docket sheet (former empl) (Entered: 02/26/1996) |

| 05/24/1996 | 566 | Rule 40 Documents as to Donald Holden received from Southern District of Florida (former empl) (Entered: 05/30/1996) |
|---|---|---|
| 05/28/1996 | | Arraignment as to Donald Holden held before Magistrate Judge Joseph R. McCrorey; P/NG entered; defendant states he has retained counsel in Fla., motion by government for detention - granted, hearing to be scheduled in Charleston when defendant arrives in Charleston; USM to notify Judge Carr, Clerk. Court reporter: 96D33:4960-6060 (jada) (Entered: 05/29/1996) |
| 05/28/1996 | 565 | ORDER OF DETENTION as to Donald Holden Detention Hearing set for (time not set probably to occur on 5/31/96) (or for when defendant arrives in Charleston after being transported there by USM) for Donald Holden ( Signed by Magistrate Judge Joseph R. McCrorey ) (jada) (Entered: 05/29/1996) |
| 06/04/1996 | | Arraignment as to Donald Holden held before Magistrate Judge Robert S. Carr Court reporter: Norma Jean Carrow (former empl) (Entered: 06/04/1996) |
| 07/16/1996 | | Added for Donald Holden Attorney Richard F. Della Fera, Donald Jay Budman (dpat) (Entered: 07/16/1996) |
| 07/16/1996 | 573 | MOTION with Memorandum in Support by Donald Holden for Disclosure of evidence concerning confidential informant and cooperative sources. (jdod) (Entered: 07/18/1996) |
| 07/16/1996 | 574 | MOTION with Memorandum in Support by Donald Holden to compel response to specific Brady/Agurs Requests (jdod) (Entered: 07/18/1996) |
| 07/17/1996 | 571 | MOTION by Donald Holden of Continuance in Interests of Justice (jdod) (Entered: 07/18/1996) |
| 07/17/1996 | 572 | ORDER as to Donald Holden, to Transport Maurice Keith Gregory to DEA and IRS for purpose of interviews ( Signed by Judge David C. Norton ) (jdod) (Entered: 07/18/1996) |
| 07/19/1996 | 575 | MOTION by Donald Holden unopposed to continue (dpat) (Entered: 07/19/1996) |
| 07/19/1996 | 576 | ORDER as to Donald Holden granting [575-1] motion unopposed to continue as to Donald Holden (19), to Continue in Interests of Justice from 07/19/96 to 09/09/96 ( Signed by Judge David C. Norton ) (dpat) (Entered: 07/19/1996) |
| 07/19/1996 | | Jury selection as to Donald Holden set for 10:00 9/9/96 for Donald Holden before Judge David C. Norton Court reporter: Gilbert O'Brien, esr (dpat) (Entered: 07/19/1996) |
| 07/19/1996 | 577 | MOTION by USA as to Donald Holden to compel for voir dire examination (dpat) (Entered: 07/19/1996) |
| 07/19/1996 | 578 | Voir Dire Questions by USA as to Donald Holden (dpat) (Entered: 07/19/1996) |
| 07/19/1996 | 579 | MOTION by USA as to Donald Holden to compel to confer Third Party standing (dpat) (Entered: 07/19/1996) |
| 07/22/1996 | 581 | ORDER as to Donald Holden, to Continue in Interests of Justice fro July term of Court to September term of Court ( Signed by Judge David C. Norton ) (dpat) (Entered: 07/26/1996) |

| 08/01/1996 | | Pre-trial conference as to Donald Holden set at 2:00 8/15/96 before Judge David C. Norton (former empl) (Entered: 08/05/1996) |
| 08/01/1996 | | Jury selection as to Donald Holden set for 10:00 9/9/96 before Judge David C. Norton (former empl) (Entered: 08/05/1996) |
| 08/02/1996 | 583 | HEARING TRANSCRIPT of opening statement of Mr Cornely for defendant only for dates of 12/5/94 before Judge David C. Norton/Gilbert O'Brien, ESR (obri) (Entered: 08/06/1996) |
| 08/02/1996 | 584 | HEARING TRANSCRIPT of testimony of Harold Gantlin and Johann Robinson only for dates of 12/13/94 before Judge David C. Norton/Gilbert O'Brien, ESR (obri) (Entered: 08/06/1996) |
| 08/02/1996 | 585 | TRANSCRIPT of Jury Trial of closing arguments only for dates of 12/14/96 before Judge David C. Norton/Gilbert O'Brien, ESR (obri) (Entered: 08/06/1996) |
| 08/02/1996 | 586 | TRANSCRIPT of Motions Hearing for dates of 7/25/95 before Judge David C. Norton/Gilbert O'Brien, ESR (obri) (Entered: 08/06/1996) |
| 08/15/1996 | | Pre-trial conference as to Donald Holden held before Judge David C. Norton Court reporter: Gilbert O'Brien, ESR. Discovery almost complete; plea negotiations ongoing; case ready for trial for 9/9/96. (pchi) (Entered: 08/16/1996) |
| 08/19/1996 | 587 | FORTHWITH ORDER as to Donald Holden, to produce pursuant to Rule 17(c) records of Metro Dade County PD, Miami, Florida; Orlando PD, Orlando, Florida; and Wildwood PD, Wildwood, Florida, as set forth in subpoena and delivered to government by 9/3/96 for inspection and examination ( Signed by Judge David C. Norton ) (former empl) (Entered: 08/21/1996) |
| 09/09/1996 | 588 | Plea Agreement as to Donald Holden - defendant to plead guilty to counts 1 and 12 of superseding indictment (former empl) (Entered: 09/11/1996) |
| 09/09/1996 | | PLEA entered by Donald Holden (DCN/Gilbert O'Brien, ESR). Court accepts plea. Guilty: Donald Holden (19) count(s) 1, 12 (Terminated motions - terminating [571-1] motion of Continuance in Interests of Justice as to Donald Holden (19), terminating [574-1] motion to compel response to specific Brady/Agurs Requests as to Donald Holden (19), terminating [573-1] motion for Disclosure of evidence concerning confidential informant and cooperative sources. as to Donald Holden (19) ) (former empl) (Entered: 09/11/1996) |
| 09/09/1996 | | (Court only) **Procedural Interval start P9 as to Donald Holden (19) count(s) 3-5, 13, 14 (former empl) (Entered: 09/11/1996) |
| 09/09/1996 | 719 | (Court only) ***Location start as to Donald Holden (gjoh, ) (Entered: 08/29/2007) |
| 10/01/1996 | 589 | TRANSCRIPT of Pre-Trial Conferance Hearing for dates of 10/17/94 before Judge David C. Norton/Gilbert O'Brien, ESR (obri) (Entered: 10/07/1996) |
| 12/16/1996 | | (Court only) **Terminated deadlines (snel) (Entered: 12/16/1996) |
| 01/16/1997 | | Sentencing set for 3:30 1/29/97 for Donald Holden before Judge David C. Norton , Donald Holden (19) count(s) 1, 3-5, 12, 13, 14 Court reporter: Gilbert O'Brien, ESR (former empl) (Entered: 01/16/1997) |
| 01/23/1997 | | 4CCA order denying petition for rehearing with suggestion for rehearing in banc (snel) (Entered: 01/23/1997) |

| 01/29/1997 | | Sentencing held before Judge David C. Norton Donald Holden (19) count(s) 1, 12 Court reporter: Gilbert O'Brien, ESR (former empl) (Entered: 01/29/1997) |
|---|---|---|
| 01/29/1997 | 618 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Donald Holden (former empl) (Entered: 01/29/1997) |
| 02/03/1997 | | (Court only) **Remove appeal flag - no further appeals pending (snel) (Entered: 02/03/1997) |
| 02/04/1997 | 620 | JUDGMENT Donald Holden (19) count(s) 1, 12 . Defendant committed to custody Bureau of Prisons for 168 months as to Counts 1 and 12, concurrently with the recommendations: (1) defendant be allowed to serve his period of incarceration at FCI, Miami, Florida; and (2) defendant be allowed to participate in the Inmate Financial Responsibility Program for payment of $100.00 special assessment. Upon release from imprisonment, defendant shall be placed on supervised release for 5 years as to Count 1 and 3 years as to Count 12, such terms to run concurrently. The defendant shall comply with the following special conditions: (1) defendant shall pay any remaining special assessment within 60 days of his release from imprisonment; (2) defendant shall participate in an inpatient/outpatient substance abuse treatment program, which shall include urinalysis testing as deemed appropriate by the U. S. Probation Officer; (3) defendant shall participate in mental health counseling as deemed appropriate by U. S. Probation Officer; and (4) defendant shall participate in an adult education program designed to provide him with a GED or high school diploma. Defendant to pay $100.00 special assessment. , Donald Holden (19) count(s) 3-5, 13 , 14 . Dismissed on government's motion ( Signed by Judge David C. Norton ) (former empl) (Entered: 02/05/1997) |
| 02/04/1997 | | Case closed as to all defendants: Donald Holden (former empl) (Entered: 02/05/1997) |
| 02/11/1997 | 622 | NOTICE OF APPEAL by Donald Holden (19) count(s) 1, 3-5, 12, 13, 14 Filing Fee $105.00 Receipt #200-5078 (snel) (Entered: 02/11/1997) |
| 02/14/1997 | | Notice of appeal and certified copy of docket as to Donald Holden to USCA, USDJ, counsel: [622-1] appeal (snel) (Entered: 02/14/1997) |
| 02/26/1997 | | NOTICE of Docketing ROA from USCA as to Donald Holden Re: [622-1] appeal USCA Number: 97-4126/Jean St John (snel) (Entered: 02/27/1997) |
| 02/28/1997 | 624 | ORDER releasing transcripts re: appeal to AUSA Robert Bickerton for purposes of copying and are to be returned immediately (Signed by Judge David C Norton) (snel) (Entered: 02/28/1997) |
| 03/03/1997 | | Copy of 4CCA letter denying motion to withdraw as counsel as to Donald Holden (snel) (Entered: 03/04/1997) |
| 03/14/1997 | 626 | Transcript purchase order by Donald Holden re: [622-1] appeal by Donald Holden Transcript due 3/24/97 (snel) (Entered: 03/14/1997) |
| 04/09/1997 | | Presentence Report as to Donald Holden returned to USPO Ruth Daugherty (former empl) (Entered: 04/09/1997) |
| 04/16/1997 | 631 | SENTENCING HEARING TRANSCRIPT filed as to Donald Holden Re: [622-1] appeal for dates of 1/29/97 before the Honorable David C Norton/Gilbert O'Brien,ESR (obri) (Entered: 04/16/1997) |

| | | |
|---|---|---|
| 01/05/1998 | 639 | CHANGE OF PLEA HEARING TRANSCRIPT as to Donald Holden for dates of 9/9/96 before Judge David C. Norton/Gilbert O'Brien,ESR (obri) (Entered: 01/05/1998) |
| 01/09/1998 | | 9/19/96 Transcript to Donald Holden considered by 4CCA as Supplement1 to Record Volume 2 per Jean St John (snel) (Entered: 01/09/1998) |
| 04/29/1998 | 641 | Opinion of the 4th Circuit as to Donald Holden affirming USDC judgment re: [622-1] appeal by Donald Holden (snel) (Entered: 04/29/1998) |
| 05/21/1998 | 642 | JUDGMENT OF USCA (certified copy) as to Donald Holden Re: [622-1] appeal affirming judgment/order _ (snel) (Entered: 05/21/1998) |
| 05/21/1998 | | (Court only) **Procedural Interval start P6 as to Donald Holden (19) count(s) 1, 3-5, 12, 13, 14 (former empl) (Entered: 10/17/2001) |
| 05/22/1998 | | Appeal record of returned as to Donald Holden (snel) (Entered: 05/26/1998) |
| 03/03/1999 | | (Court only) **Remove appeal flag - no further appeals pending (snel) (Entered 03/03/1999) |
| 08/01/2000 | | (Court only) Deadline updated as to Alton L Parker, Solomon Dukes Jr., Mark D Deveaux, Michael D Deveaux, Leonard . Moultrie, Donnie D Anderson, Rodney F Burns, Walter S Deveaux, Jermain Harrison, Anthony Corey Alexander, Dexter M Keys, Richard L McClary, Karod Nix, Gerald D Smith, Bruce W Spann, Donald L Vanderhorst, Raychelle Bennett, Tracee N Bennett, Donald Holden, Raymond Thorne mooting [607-1] motion to Reduce Sentence as to Leonard . Moultrie (5), mooting [568-1] motion to compel Court to modify sentence under 28:524 as to Mark D Deveaux (3), mooting [556-1] joint motion to seal and release records to printer as to Anthony Corey Alexander (10) (former empl) (Entered: 08/01/2000) |
| 03/13/2002 | | (Court only) **Terminated deadline(s) as to Alton L Parker, Solomon Dukes Jr., Mark D Deveaux, Michael D Deveaux, Leonard . Moultrie, Donnie D Anderson, Rodney F Burns, Walter S Deveaux, Jermain Harrison, Anthony Corey Alexander, Dexter M Keys, Richard L McClary, Karod Nix, Gerald D Smith, Bruce W Spann, Donald L Vanderhorst, Raychelle Bennett, Tracee N Bennett, Donald Holden, Raymond Thorne, USA : preliminary exam (former empl) (Entered: 03/13/2002) |
| 06/16/2004 | 691 | RECEIPT FOR RETURN OF EXHIBITS by plaintiff USA for exhbits #1 and #2 from a hearing before Judge Norton on 1-24-02 (gjoh) (Entered: 06/16/2004) |
| 12/17/2004 | 708 | NOTICE of change of address by Donald Holden as to Donald Holden (gjoh) (Entered: 12/20/2004) |
| 12/21/2004 | | (Court only) Notice of change of address by Donald Holden, Reg. #49233-004, Federal Correctional Institution, PMB 1000, Talladega, Al 35160 (gjoh) (Entered: 12/21/2004) |
| 09/30/2008 | 742 | (Court only) Attorney update in case as to Alton L Parker, Solomon Dukes, Jr, Mark D Deveaux, Michael D Deveaux, Leonard Moultrie, Donnie D Anderson, Rodney F Burns, Walter S Deveaux, Jermain Harrison, Anthony Corey Alexander, Dexter M Keys, Richard L McClary, Karod Nix, Gerald D Smith, Bruce W Spann, Donald L Vanderhorst, Raychelle Bennett, Tracee N Bennett, Donald Holden, Raymond Thorne. Attorney Peter T Phillips for USA added. Attorney Robert H Bickerton terminated. (gjoh, ) (Entered: 09/30/2008) |

| 09/08/2009 | 764 | WAIVER of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision by Donald Holden (gjoh, ) (Entered: 09/08/2009) |
| 09/08/2009 | 765 | MOTION to Modify Conditions of Release as follows: The defendant shall perform 50 hours of community service which shall be completed no later than three months prior to termination of supervision. The defendant shall perform community service hours on a monthly basis as directed by the U. S. Probation Officer by Donald Holden. No proposed order(gjoh, ) (Entered: 09/08/2009) |
| 09/08/2009 | 766 | ORDER granting 765 Motion to Modify Conditions of Release as to Donald Holden (19)as follows: The defendant shall perform 50 hours of community service which shall be completed no later than three months prior to termination of supervision. The defendant shall perform community service hours on a monthly basis as directed by the U. S. Probation Officer. Signed by Chief Judge David C Norton on 9/4/09. (gjoh, ) (Entered: 09/08/2009) |
| 10/22/2009 | 767 | Probation Jurisdiction Transferred to Southern District of Florida as to Donald Holden Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (gjoh, ) (Entered: 10/22/2009) |

ORIGINAL FILED

FEB 1 5 1995

LARRY W. PROPES, CLEP
CHARLESTON, SC

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 2:94-589 |
| | ) 18 U.S.C. § 2 |
| vs. | ) 18 U.S.C. § 1956(a)(1)(A)(i) |
| | ) 18 U.S.C. § 1956(a)(1)(B)(i) |
| LEONARD MOULTRIE, SR. | ) 18 U.S.C. § 1956(h) |
| a/k/a "Moochie" | ) 18 U.S.C. § 1957(a) |
| DONALD HOLDEN | ) 21 U.S.C. § 841(a)(1) |
| a/k/a "8-Ball" | ) 21 U.S.C. § 846 |
| TROY B. JACKSON | ) |
| a/k/a Troy Williams | ) |
| a/k/a Troy Smith | ) SUPERSEDING INDICTMENT |
| DEXTER M. KEYS | ) |
| RAYMOND THORNE | ) |

## COUNT 1

THE GRAND JURY CHARGES:

From on or about January 1, 1988, and continuing thereafter up to and including the date of this indictment, the exact dates to the grand jury being unknown, in the District of South Carolina and elsewhere, the defendants, LEONARD MOULTRIE, SR., a/k/a "Moochie", DONALD HOLDEN, a/k/a "8-Ball", TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, DEXTER M. KEYS, and RAYMOND THORNE, did knowingly and willfully combine, conspire, confederate and agree together and have tacit understanding with each other and with various other persons, both known and unknown to the grand jury, unlawfully to possess with intent to distribute and to distribute various controlled substances, to wit: heroin, a Schedule I controlled substance; cocaine base ("crack"), a Schedule II controlled substance; cocaine, a Schedule II controlled substance; and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about November and December 1989, in the District of South Carolina, the defendant, LEONARD MOULTRIE, a/k/a "Moochie", knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a  Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about June 1991, in the District of South Carolina, the defendants, LEONARD MOULTRIE, SR., a/k/a "Moochie", DONALD HOLDEN, a/k/a "8-Ball", TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, and RAYMOND THORNE, knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

That on or about August 1991, in the District of South Carolina, the defendants, LEONARD MOULTRIE, SR., a/k/a "Moochie", DONALD HOLDEN, a/k/a "8-Ball", TROY B. JACKSON, a/k/a Troy

2

Williams, a/k/a Troy Smith, and RAYMOND THORNE, knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

That on or about October 1991, in the District of South Carolina, the defendants, LEONARD MOULTRIE, SR., a/k/a "Moochie", DONALD HOLDEN, a/k/a "8-Ball", TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, and RAYMOND THORNE, knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 6

THE GRAND JURY FURTHER CHARGES:

That on or about December 1991 and January 1992, in the District of South Carolina, the defendant, TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

3

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 7

THE GRAND JURY FURTHER CHARGES:

That on or about December 1991 and January 1992, in the District of South Carolina, the defendant, **TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith,** knowingly and intentionally did possess with intent to distribute a quantity of cocaine base ("crack"), a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 8

THE GRAND JURY FURTHER CHARGES:

That on or about August and September 1992, in the District of South Carolina, the defendants, **LEONARD MOULTRIE, SR., a/k/a "Moochie", and RAYMOND THORNE,** knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 9

THE GRAND JURY FURTHER CHARGES:

That on or about November 1992, in the District of South

4

Carolina, the defendant, **LEONARD MOULTRIE, SR.**, a/k/a "Moochie", knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 10

THE GRAND JURY FURTHER CHARGES:

That on or about January and February 1993, in the District of South Carolina, the defendant, **DEXTER M. KEYS**, knowingly and intentionally did possess with intent to distribute a quantity of cocaine base ("crack"), a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 11

THE GRAND JURY FURTHER CHARGES:

That on or about February 1993, in the District of South Carolina, the defendants, **LEONARD MOULTRIE, SR.**, a/k/a "Moochie", **and RAYMOND THORNE**, knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

5

## COUNT 12

THE GRAND JURY FURTHER CHARGES:

That from on or about January 1, 1988, and continuing thereafter up to on or about March 1993, in the District of South Carolina and elsewhere, LEONARD MOULTRIE, SR., a/k/a "Moochie", DONALD HOLDEN, a/k/a "8-Ball", and TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, did knowingly, wilfully and unlawfully combine, conspire, confederate, agree together and have tacit understanding with each other, and with various other persons to the grand jury known and unknown, to conduct or attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of some form of unlawful activity, such as, the receiving, concealment, buying, selling or otherwise dealing in narcotic or dangerous drugs, with the intent to promote the carrying on of specified unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, and that while conducting such financial transactions, the defendants knew that the property involved in the financial transactions, that is, United States currency, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (a)(1)(B)(i).

### OVERT ACTS

In furtherance of the aforesaid conspiracy and to effect the objects and purposes thereof, LEONARD MOULTRIE, SR., a/k/a

6

"Moochie", DONALD HOLDEN, a/k/a "8-Ball", and TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, and others, committed one or more overt acts in the District of South Carolina and elsewhere, including but not limited to the following:

1.   DONALD HOLDEN, a/k/a "8-Ball", and TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, and one or more of their associates, some of whom were also associates of LEONARD MOULTRIE, SR., a/k/a "Moochie", sold or otherwise distributed cocaine and cocaine base ("crack") in and around Charleston, South Carolina, during the period of time from on or about January 1, 1988, until on or about March 1993.

2.   That DONALD HOLDEN, a/k/a "8-Ball" and TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, and various of their associates, received United States currency ("cash") in various amounts and denominations in return for the sale of cocaine and cocaine base ("crack") in the area of Charleston, South Carolina.

3.   That during this period of time LEONARD MOULTRIE, SR., a/k/a "Moochie", facilitated transactions in narcotic or dangerous drugs by permitting one or more drug dealers to use his office to meet with, contact or otherwise conduct business with other drug traffickers.

4.   That during this period of time LEONARD MOULTRIE, SR., a/k/a "Moochie", facilitated transactions in narcotic or dangerous drugs and in the delivery of United States currency by serving as a point of contact through which one or more drug dealers could contact other drug traffickers.

7

5.    That during the period of time between January 1989 and March 1993 **LEONARD MOULTRIE, SR.,** a/k/a "Moochie", received payments in United States currency from one or more drug dealers for whom he had facilitated transactions in narcotic or dangerous drugs and in the delivery of United States currency.

6.    That on one or more occasions **LEONARD MOULTRIE, SR.,** a/k/a "Moochie", or others, agreed to deliver United States currency representing proceeds derived from the illegal sale of cocaine and cocaine base ("crack") from South Carolina to Florida.

7.    That on one or more occasions, **DONALD HOLDEN,** a/k/a "8-Ball", or others, delivered United States currency in amounts over $10,000.00 to **LEONARD MOULTRIE, SR.,** a/k/a "Moochie", or others, for the purpose of delivering the cash from South Carolina to Florida.

8.    That on one or more occasions **LEONARD MOULTRIE, SR.,** a/k/a "Moochie", or others, transported United States currency to Florida.

9.    That on one or more occasions **LEONARD MOULTRIE, SR.,** a/k/a "Moochie", or others, delivered United States currency to one or more known drug distributors after transporting the cash to Florida from South Carolina.

All in violation of Title 18, United States Code, Section 1956(h).

8

## COUNT 13

THE GRAND FURTHER CHARGES:

That on or about May through August 1991, in the District of South Carolina and elsewhere, the defendants, **LEONARD MOULTRIE, SR., a/k/a "Moochie", DONALD HOLDEN, a/k/a "8-Ball", and TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith**, did knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate commerce, to wit, the delivery of United States currency from South Carolina to Florida which involved the proceeds of specified unlawful activity, that is, the receiving, concealing, buying, selling or otherwise dealing in narcotic or dangerous drugs, which offenses are punishable under the laws of the United States, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct said financial transactions, knew that the property involved in the financial transactions, that is, United States Currency, represented the proceeds of some form of unlawful activity;

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i) and 2.

9

## COUNT 14

THE GRAND JURY FURTHER CHARGES:

That between on or about May through on or about June 1991, in the District of South Carolina and elsewhere, the defendants, LEONARD MOULTRIE, SR., a/k/a "Moochie", DONALD HOLDEN, a/k/a "s-Ball" and TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, did knowingly and willfully engage in and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000.00, to wit, the transportation of United States currency from South Carolina to Florida, said property, in excess of $10,000.00 in United States currency, being derived from specified unlawful activity, that is, the receiving, concealing, buying selling or otherwise dealing in narcotic or dangerous drugs, which offenses are punishable under the laws of the United States;

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

A _____ BILL

S/ROBERT C. MOMEIER
**FOREMAN**

s/J. Preston Strom, Jr.
_____
J. PRESTON STROM, JR. (RHB)
UNITED STATES ATTORNEY

10

ORIGINAL FILED

FEB 1 5 1995

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

LARRY W. PROPES, CLEP
CHARLESTON, SC

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 2:94-589 |
| | ) 18 U.S.C. § 2 |
| vs. | ) 18 U.S.C. § 1956(a)(1)(A)(i) |
| | ) 18 U.S.C. § 1956(a)(1)(B)(i) |
| LEONARD MOULTRIE, SR. | ) 18 U.S.C. § 1956(h) |
| a/k/a "Moochie" | ) 18 U.S.C. § 1957(a) |
| DONALD HOLDEN | ) 21 U.S.C. § 841(a)(1) |
| a/k/a "8-Ball" | ) 21 U.S.C. § 846 |
| TROY B. JACKSON | ) |
| a/k/a Troy Williams | ) |
| a/k/a Troy Smith | ) SUPERSEDING INDICTMENT |
| DEXTER M. KEYS | ) |
| RAYMOND THORNE | ) |

### COUNT 1

THE GRAND JURY CHARGES:

From on or about January 1, 1988, and continuing thereafter up
to and including the date of this indictment, the exact dates
to the grand jury being unknown, in the District of South Carolina
and elsewhere, the defendants, LEONARD MOULTRIE, SR., a/k/a
"Moochie", DONALD HOLDEN, a/k/a "8-Ball", TROY B. JACKSON, a/k/a
Troy Williams, a/k/a Troy Smith, DEXTER M. KEYS, and RAYMOND
THORNE, did knowingly and willfully combine, conspire, confederate
and agree together and have tacit understanding with each other and
with various other persons, both known and unknown to the grand
jury, unlawfully to possess with intent to distribute and to
distribute various controlled substances, to wit: heroin, a
Schedule I controlled substance; cocaine base ("crack"), a Schedule
II controlled substance; cocaine, a Schedule II controlled
substance; and marijuana, a Schedule I controlled substance, in
violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about November and December 1989, in the District of South Carolina, the defendant, LEONARD MOULTRIE, a/k/a "Moochie", knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about June 1991, in the District of South Carolina, the defendants, LEONARD MOULTRIE, SR., a/k/a "Moochie", DONALD HOLDEN, a/k/a "8-Ball", TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, and RAYMOND THORNE, knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

That on or about August 1991, in the District of South Carolina, the defendants, LEONARD MOULTRIE, SR., a/k/a "Moochie", DONALD HOLDEN, a/k/a "8-Ball", TROY B. JACKSON, a/k/a Troy

2

Williams, a/k/a Troy Smith, and RAYMOND THORNE, knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

That on or about October 1991, in the District of South Carolina, the defendants, LEONARD MOULTRIE, SR., a/k/a "Moochie", DONALD HOLDEN, a/k/a "8-Ball", TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, and RAYMOND THORNE, knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 6

THE GRAND JURY FURTHER CHARGES:

That on or about December 1991 and January 1992, in the District of South Carolina, the defendant, TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

3

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 7

THE GRAND JURY FURTHER CHARGES:

That on or about December 1991 and January 1992, in the District of South Carolina, the defendant, TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, knowingly and intentionally did possess with intent to distribute a quantity of cocaine base ("crack"), a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 8

THE GRAND JURY FURTHER CHARGES:

That on or about August and September 1992, in the District of South Carolina, the defendants, LEONARD MOULTRIE, SR., a/k/a "Moochie", and RAYMOND THORNE, knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 9

THE GRAND JURY FURTHER CHARGES:

That on or about November 1992, in the District of South

4

Carolina, the defendant, **LEONARD MOULTRIE, SR., a/k/a "Moochie"**, knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 10

THE GRAND JURY FURTHER CHARGES:

That on or about January and February 1993, in the District of South Carolina, the defendant, **DEXTER M. KEYS**, knowingly and intentionally did possess with intent to distribute a quantity of cocaine base ("crack"), a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 11

THE GRAND JURY FURTHER CHARGES:

That on or about February 1993, in the District of South Carolina, the defendants, **LEONARD MOULTRIE, SR., a/k/a "Moochie"**, **and RAYMOND THORNE**, knowingly and intentionally did possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

5

## COUNT 12

THE GRAND JURY FURTHER CHARGES:

That from on or about January 1, 1988, and continuing thereafter up to on or about March 1993, in the District of South Carolina and elsewhere, **LEONARD MOULTRIE, SR., a/k/a "Moochie", DONALD HOLDEN, a/k/a "8-Ball", and TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith,** did knowingly, wilfully and unlawfully combine, conspire, confederate, agree together and have tacit understanding with each other, and with various other persons to the grand jury known and unknown, to conduct or attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of some form of unlawful activity, such as, the receiving, concealment, buying, selling or otherwise dealing in narcotic or dangerous drugs, with the intent to promote the carrying on of specified unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, and that while conducting such financial transactions, the defendants knew that the property involved in the financial transactions, that is, United States currency, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (a)(1)(B)(i).

### OVERT ACTS

In furtherance of the aforesaid conspiracy and to effect the objects and purposes thereof, **LEONARD MOULTRIE, SR., a/k/a**

6

"Moochie", DONALD HOLDEN, a/k/a "8-Ball", and TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, and others, committed one or more overt acts in the District of South Carolina and elsewhere, including but not limited to the following:

1.    DONALD HOLDEN, a/k/a "8-Ball", and TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, and one or more of their associates, some of whom were also associates of LEONARD MOULTRIE, SR., a/k/a "Moochie", sold or otherwise distributed cocaine and cocaine base ("crack") in and around Charleston, South Carolina, during the period of time from on or about January 1, 1988, until on or about March 1993.

2.    That DONALD HOLDEN, a/k/a "8-Ball" and TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, and various of their associates, received United States currency ("cash") in various amounts and denominations in return for the sale of cocaine and cocaine base ("crack") in the area of Charleston, South Carolina.

3.    That during this period of time LEONARD MOULTRIE, SR., a/k/a "Moochie", facilitated transactions in narcotic or dangerous drugs by permitting one or more drug dealers to use his office to meet with, contact or otherwise conduct business with other drug traffickers.

4.    That during this period of time LEONARD MOULTRIE, SR., a/k/a "Moochie", facilitated transactions in narcotic or dangerous drugs and in the delivery of United States currency by serving as a point of contact through which one or more drug dealers could contact other drug traffickers.

7

5.      That during the period of time between January 1989 and March 1993 **LEONARD MOULTRIE, SR., a/k/a "Moochie"**, received payments in United States currency from one or more drug dealers for whom he had facilitated transactions in narcotic or dangerous drugs and in the delivery of United States currency.

6.      That on one or more occasions **LEONARD MOULTRIE, SR., a/k/a "Moochie"**, or others, agreed to deliver United States currency representing proceeds derived from the illegal sale of cocaine and cocaine base ("crack") from South Carolina to Florida.

7.      That on one or more occasions, **DONALD HOLDEN, a/k/a "8-Ball"**, or others, delivered United States currency in amounts over $10,000.00 to **LEONARD MOULTRIE, SR., a/k/a "Moochie"**, or others, for the purpose of delivering the cash from South Carolina to Florida.

8.      That on one or more occasions **LEONARD MOULTRIE, SR., a/k/a "Moochie"**, or others, transported United States currency to Florida.

9.      That on one or more occasions **LEONARD MOULTRIE, SR., a/k/a "Moochie"**, or others, delivered United States currency to one or more known drug distributors after transporting the cash to Florida from South Carolina.

All in violation of Title 18, United States Code, Section 1956(h).

8

## COUNT 13

THE GRAND FURTHER CHARGES:

That on or about May through August 1991, in the District of South Carolina and elsewhere, the defendants, **LEONARD MOULTRIE, SR., a/k/a "Moochie", DONALD HOLDEN, a/k/a "8-Ball", and TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith,** did knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate commerce, to wit, the delivery of United States currency from South Carolina to Florida which involved the proceeds of specified unlawful activity, that is, the receiving, concealing, buying, selling or otherwise dealing in narcotic or dangerous drugs, which offenses are punishable under the laws of the United States, with the intent to promote the carrying on of said specified unlawful activity and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct said financial transactions, knew that the property involved in the financial transactions, that is, United States Currency, represented the proceeds of some form of unlawful activity;

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i) and 2.

9

## COUNT 14

THE GRAND JURY FURTHER CHARGES:

That between on or about May through on or about June 1991, in the District of South Carolina and elsewhere, the defendants, LEONARD MOULTRIE, SR., a/k/a "Moochie", DONALD HOLDEN, a/k/a "8-Ball" and TROY B. JACKSON, a/k/a Troy Williams, a/k/a Troy Smith, did knowingly and willfully engage in and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000.00, to wit, the transportation of United States currency from South Carolina to Florida, said property, in excess of $10,000.00 in United States currency, being derived from specified unlawful activity, that is, the receiving, concealing, buying selling or otherwise dealing in narcotic or dangerous drugs, which offenses are punishable under the laws of the United States;

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

A _____ BILL

S/ROBERT C. MOMEIER
FOREMAN

s/J. Preston Strom, Jr.
_____
J. PRESTON STROM, JR.  (RHB)
UNITED STATES ATTORNEY

10

# PENALTIES
## COUNTS 1 THROUGH 11

IF 5 KILOGRAMS OR MORE
OF COCAINE, OR 50 GRAMS OR
MORE OF COCAINE BASE, AND
NO FELONY DRUG CONVICTIONS

MINIMUM IMPRISONMENT: 10 YEARS
MAXIMUM IMPRISONMENT: LIFE
MAXIMUM FINE: $4,000,000.00
PLUS SUPERVISED RELEASE:
   AT LEAST 5 YEARS
SPECIAL ASSESSMENT: $50.00
            (18 USC § 3013)

IF 5 KILOGRAMS OR MORE
OF COCAINE, OR 50 GRAMS OR
MORE OF COCAINE BASE, AND
A PRIOR FELONY DRUG CONVICTION

MINIMUM IMPRISONMENT: 20 YEARS
MAXIMUM IMPRISONMENT: LIFE
MAXIMUM FINE: $8,000,000.00
PLUS SUPERVISED RELEASE:
   AT LEAST 10 YEARS
SPECIAL ASSESSMENT: $50.00
            (18 USC § 3013)

IF 5 KILOGRAMS OR MORE
OF COCAINE, OR 50 GRAMS OR
MORE OF COCAINE BASE, AND TWO
OR MORE PRIOR CONVICTIONS FOR
A FELONY DRUG OFFENSE:

MANDATORY TERM OF LIFE IMPRISONMENT
MAXIMUM FINE: $8,000,000.00
SPECIAL ASSESSMENT: $50.00

IF 500 GRAMS OR MORE OF
COCAINE, OR 5 GRAMS OR
MORE OF COCAINE BASE, AND
NO FELONY PRIOR DRUG
CONVICTION:

MINIMUM IMPRISONMENT: 5 YEARS
MAXIMUM IMPRISONMENT: 40 YEARS
MAXIMUM FINE: $2,000,000.00
PLUS SUPERVISED RELEASE:
   AT LEAST 4 YEARS
SPECIAL ASSESSMENT: $50.00
            (18 USC § 3013)

IF 500 GRAMS OR MORE OF
COCAINE, OR 5 GRAMS OR
MORE OF COCAINE BASE, AND
ONE OR MORE PRIOR FELONY
DRUG CONVICTION(S):

MINIMUM IMPRISONMENT: 10 YEARS
MAXIMUM IMPRISONMENT: LIFE
MAXIMUM FINE: $4,000,000.00
PLUS SUPERVISED RELEASE:
   AT LEAST 8 YEARS
SPECIAL ASSESSMENT: $50.00
            (18 USC § 3013)

IF LESS THAN 500 GRAMS OF
COCAINE, OR LESS THAN 5
GRAMS OF COCAINE BASE, AND
NO PRIOR FELONY DRUG
CONVICTION:
MAXIMUM IMPRISONMENT: 20 YEARS
MAXIMUM FINE: $1,000,000.00
PLUS SUPERVISED RELEASE:
   AT LEAST 3 YEARS
SPECIAL ASSESSMENT: $50.00
            (18 USC § 3013)

IF LESS THAN 500 GRAMS OF
COCAINE, OR LESS THAN 5
GRAMS OF COCAINE BASE, AND
ONE OR MORE PRIOR FELONY
DRUG CONVICTION(S):
MAXIMUM IMPRISONMENT: 30 YEARS
MAXIMUM FINE: $2,000,000.00
PLUS SUPERVISED RELEASE:
   AT LEAST 6 YEARS
SPECIAL ASSESSMENT: $50.00
            (18 USC § 3013)

11

## COUNTS 12 AND 13

### MAXIMUM SENTENCE THESE COUNTS:

FINE OF <u>not more than $500,000.00</u> AND/OR IMPRISONMENT FOR <u>not more than 20 YEARS</u> AND A TERM OF SUPERVISED RELEASE OF <u>at least 3 YEARS</u> (18 USC § 3583) SPECIAL ASSESSMENT: <u>$50.00</u> (18 USC § 3013)

## COUNT 14

### MAXIMUM SENTENCE THESE COUNTS:

FINE OF <u>$250,000.00</u> (18 USC § 3571) AND/OR IMPRISONMENT FOR <u>not more than 10 YEARS</u> AND A TERM OF SUPERVISED RELEASE OF <u>at least 3 YEARS</u> (18 USC § 3583) SPECIAL ASSESSMENT: <u>$50.00</u> (18 USC § 3013)

12

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PROBATION OFFICE

**Reginald D. Michael**
Chief U.S. Probation Officer
Wilkie D. Ferguson, Jr. U. S. Courthouse
400 North Miami Avenue,
Ninth Floor South
Miami, FL  33128

REPLY TO:
Wilkie D. Ferguson, Jr. U. S. Courthouse
400 North Miami Avenue,
Ninth Floor North
Miami, FL  33128
(305)523-5400

October 5, 2009

Dickie Brunson, Chief
U. S. Probation Officer
United States Probation Office
Post Office Box 894
Charleston, SC 29402-0894

RE:   **HOLDEN, DONALD**
**SD/FL PACTS No.  44629**
**TRANSFER OF JURISDICTION**

Dear Mr. Brunson:

Please find enclosed an original Probation Form 22, Transfer of Jurisdiction, signed in Part Two on September 18, 2009 by The Honorable Jose E. Martinez, U. S. District Judge, Southern District of Florida, Miami.

Please file this with the Clerk of your Court, immediately instructing him to forward his complete file to the Clerk of our Court. Also forward your complete supervision file if you have not already done so.

Should you have any questions, please contact this officer.

Sincerely,

Teresa Graham
U. S. Probation Officer
(305) 523-5355

RECEIVED
OCT 21 2009
U.S. PROBATION OFFICE
CHARLESTON SC

TG/sgw